141

Arthur W. Fairchild et al
vs.                         Eq.No.3712
Uniform Seamless Wire
  Company

April 16, 1918

TANNER, P. J. This case is heard upon the objection of the stockholders of the defendant corporation to the allowance of the report of the receiver, on the ground that the Court acted without jurisdiction in permitting the receiver of a foreign corporation to borrow money and continue the business.

The objection is based upon the ground that the Court had no power to appoint any receiver of a foreign corporation until the passage of Chapter 780 of the Public Laws of 1910 and 1912, and that said amendment gave the Court no jurisdiction to permit the receiver of a foreign corporation to borrow money or carry on business.

The objecting stockholders, however, have overlooked the fact that Sec. 28 of Chap. 213, of the General Laws of 1909, was amended by Chap. 425 of the Public Laws of 1909, so that Sec. 28 now reads: "Such receiver shall take charge of any such corporation estate and effects of which he has been appointed receiver and he shall collect the debts and property belonging to it. . . . He shall have power under the direction of the Court to preserve the assets of such corporation, to carry on its business, to sell and convert such assets and property into cash, to redeem any mortgages, conditional contracts, pledges or liens of or upon any such property, referring any controversy or dispute concerning any such property, and generally to do all other acts which might be done by such corporation or that may be necessary for the administration of his trust according to the course of equity."

142

Sec. 27 of Chap. 213 of the General Laws of 1909 having been amended to include foreign corporations, Sec. 28 of said Chap. 213 of the General Laws of 1909, as amended as already stated, would apply to receivers of foreign corporations also, and give the Court power to authorize said receivers of foreign corporations to carry on business.

It is to be noted that Chap. 425 of the Public Laws of 1909 purports to amend Sec. 28 of Chap. 177 of the General Laws of 1905, and Sec. 1 of Chap. 367 of the General Laws of 1909 expressly provides that no act passed at the January Session of 1909 shall be repealed by the passage of any act in General Laws of 1909.

Even if there were not this specific legislation we should be inclined to hold that the Court had by implication the power to do all that was necessary to preserve the assets and therefore had authority to continue the business if it were necessary for that purpose.

The objection is therefore overruled.

For Receiver: Mumford, Huddy & Emerson.

For Creditors: J. J. Hahn.

For Stockholders: Russell W. Richmond.